**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-286-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **MARVIN SAKORI MALEIK DUDLEY**,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO SEVER COUNT THREE**

---

Defendant Marvin Sakori Maleik Dudley is charged in a three-count Indictment with the following: (1) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

Currently before the Court is Defendant's Motion to Sever Count 3 (the "Motion"). (ECF No. 39.) Specifically, Defendant asks for the felon-in-possession charge (Count 3) to be addressed in a separate trial or bifurcated proceeding, or, at a minimum, for the Court to issue a limiting instruction to the jury and limit the amount of information the

Government may present at trial on Defendant's criminal history.[1] (*Id.* at 2–3.) For the reasons explained below, the motion is granted to the extent that the Court will bifurcate the evidence and deliberation regarding the felon-in-possession charge asserted against Defendant. The motion is otherwise denied.

Pursuant to Federal Rule of Criminal Procedure 14, the Court may order separate trials of counts if it finds that the joinder of multiple offenses in an indictment prejudices the defendant or prosecution. *United States v. Valentine*, 706 F.2d 282 (10th Cir. 1983). To obtain such a severance, the moving party must show that the joinder of offenses causes him "actual prejudice," which outweighs the inconvenience and expense of trying the counts separately. *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009). Severance is a matter within this Court's discretion. *Valentine*, 706 F.2d at 289–90; *see also Zafiro v. United States*, 506 U.S. 534, 541 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.").

Defendant contends that his status as a convicted felon, which must be introduced as to Count 3, is irrelevant to Counts 1 and 2 and unduly prejudicial. (*Id.* at 1–2.) The Government opposes the Motion. (ECF No. 43.) The Government contends that an appropriate limiting instruction would cure any risk of prejudice. (ECF No. 43 at 6–7.) While the Government notes that all Counts arise from the same occurrence on

---

[1] Defendant also filed a Motion to Suppress Evidence (ECF No. 37) and a Motion to Suppress Statements (ECF No. 38) (together, "Motions to Suppress") concurrently with the Motion. The Court ordered the Defendant to submit further briefing on the Motions to Suppress by January 14, 2019. The Court will rule on those Motions to Suppress after briefing is complete and the Court has determined whether to hold an evidentiary hearing on either or both of those Motions.

the same date, it does not argue that Defendant's prior felony conviction is relevant beyond Count 3.  (*Id.* at 7.)  The Government states that it is willing to stipulate that Defendant was previously convicted of a felony offense without describing the prior conviction.  (*Id.* at 6.)

The Court is partially persuaded by Defendant's argument and finds that bifurcation of Count 3 is warranted here.  Hearing evidence regarding the felon-in-possession charges will necessarily inform the jury of Defendant's status as a felon.  Such information would be unduly prejudicial in the jury's consideration of the other charges because there is a strong likelihood that the jury would view Defendant's prior conviction as evidence of predisposition to commit the crimes charged in Counts 1 and 2.  *See, e.g.*, *Valentine*, 706 F.2d at 290 n.7.  The prejudice is particularly strong here because the prior felony convictions involve controlled substances.

As to the question of judicial economy, the Court finds that the inconvenience and additional expense of bifurcating the trial is minimal.  Defendant states that proof of Count 3 is "very simple" and "does not involve all the proof required" on Counts 1 and 2.  (ECF No. 39 at 2.)  The Government notes that, apart from the fact of the prior conviction itself, some of the evidence relevant to Count 3 overlaps with that needed to prove Counts 1 and 2.  (ECF No. 43 at 6.)

In light of the foregoing, the Court will bifurcate the trial.  Counts 1 and 2 will be tried first.  After the jury returns a verdict on those offenses, the parties will immediately move on to their evidence regarding Count 3.  The same jury will hear that evidence and deliberate on Count 3.  Defendant remains free to propose any limiting jury instructions to ameliorate any lingering prejudice that he perceives.  *See United States*

*v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000); *Valentine*, 706 F.2d at 290 n.7.

For the reasons set forth above, the Court ORDERS that Defendant's Motion to Sever Count 3 is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 3rd day of January, 2019.

BY THE COURT:

William J. Martinez
United States District Judge